CALIFORNIA v. HAMILTON

No. A–805.   Decided May 6, 1986

JUSTICE REHNQUIST, Circuit Justice.

Applicant, the State of California, asks that I stay pending disposition of its petition for certiorari the enforcement of the judgment of the California Supreme Court, which invalidated the death sentence imposed on respondent Hamilton for the 1979 murder of a woman near San Diego.   41 Cal. 3d 408, 710 P. 2d 981 (1985).   The jury was not instructed that it was required, as a matter of state law under *Carlos* v. *Superior Court*, 35 Cal. 3d 131, 672 P. 2d 862 (1983), to find that Hamilton intended to kill his victim before it could impose the death penalty.   The California Supreme Court held that this failure to properly instruct the jury on the issue of intent violated Hamilton's right to due process under this Court's decision in *Sandstrom* v. *Montana*, 442 U. S. 510 (1979).   41 Cal. 3d, at 431, 710 P. 2d, at 995.   The court also held that such

*Sandstrom* error was not harmless under the four-part test for harmlessness set forth in *People* v. *Garcia*, 36 Cal. 3d 539, 554–557, 684 P. 2d 826, 835–837 (1984), cert. denied, 469 U. S. 1229 (1985). In particular, the court concluded that the fourth part of the *Garcia* test, under which a *Sandstrom* error may be found harmless if "the record not only establishes the necessary intent as a matter of law but shows the contrary evidence not worthy of consideration," *Garcia, supra,* at 556, 684 P. 2d, at 835, did not apply to the instant case. 41 Cal. 3d, at 432, 710 P. 2d, at 995–996.

The State requests a stay so that it can petition for certiorari, raising the following question: "What is the proper standard of prejudice under the United States Constitution for errors in jury instructions regarding intent to kill in capital cases?" The State argues that the California Supreme Court misconstrued this Court's decision in *Connecticut* v. *Johnson,* 460 U. S. 73 (1983), when it set up in *Garcia* its four-part harmlessness test for *Sandstrom* errors, and that under a proper test the *Sandstrom* error in the instant case would be found harmless. The State also points out that, under California law, it will be forced to begin a new trial on the issue of Hamilton's sentence by May 12, 1986, or be forever barred from seeking the death penalty. See Cal. Penal Code Ann. § 1382(2) (West 1982). On the other hand, since the California Supreme Court affirmed Hamilton's murder conviction, he will remain confined whether or not a stay is granted.

This Court currently has before it the case of *Rose* v. *Clark,* No. 84–1974, which involves the question whether a *Sandstrom* error may ever be found harmless and, if so, under what circumstances. Our decision in *Rose* v. *Clark* may well affect the outcome of the instant case. For this reason, I believe that a majority of this Court would not want to dispose of the petition for certiorari in this case before a decision is rendered in *Rose* v. *Clark.* I therefore stay the

enforcement of the judgment of the California Supreme Court pending further action by me or by the Court.